IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RALPHFIELD HUDSON,

                Plaintiff,                ORDER

      v.                                  07-cv-355-bbc

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On July 21, 2009, I granted summary judgment to defendant United States of America on plaintiff Ralphfield Hudson's claims brought under the Federal Tort Claims Act. Judgment was entered. On May 5, 2010, the Court of Appeals for the Seventh Circuit affirmed the judgment. Now plaintiff has filed a document titled "Motion to Reopen," in which he asks the court to consider another claim raised in his original complaint that was dismissed without prejudice earlier in the proceedings.

       A short discussion of the history of this case will provide some background. Plaintiff filed his original complaint in this action on June 29, 2007, raising numerous claims. In an August 27, 2007 order, I granted plaintiff leave to proceed on an Eighth Amendment

1

deliberate indifference claims against defendant Tina Spence for giving plaintiff an ineffective medication for his epilepsy and improperly reducing the dosage of his seizure medications, and against defendant Jamie Penaflor for refusing to treat a rash on plaintiff's arms and legs. However, after this order was issued, in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), the court of appeals ruled that a prisoner may not "dodge" the fee payment provisions or the three strikes provisions in the Prisoner Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Accordingly, I told plaintiff he had to choose which claims he wanted to pursue under this case number. He chose to proceed against defendant Spence (those Eighth Amendment claims were later dismissed but plaintiff amended the complaint to include Federal Tort Claims Act claims), and the claim against defendant Penaflor was dismissed without prejudice.

Now plaintiff seeks to reopen this case in order to pursue his Eighth Amendment claim against Penaflor. I will deny plaintiff's motion to the extent he seeks to pursue his claim against Penaflor under this case number. George applies to this case even following the dismissal of his claims under the Federal Tort Claims Act. He may pursue his claim against Penaflor, but he will have to do so in a new case. Plaintiff seems to understand this because his "motion to reopen" is styled as a brand new complaint and he has submitted a motion for leave to proceed in forma pauperis and a trust fund account statement from which the court can calculate an initial partial payment for the new case.

Therefore, I will direct the clerk of court to file copies of plaintiff's original complaint, his motion to reopen, motion for leave to proceed in forma pauperis and trust fund account

statement in a new case, case no. 10-cv-478-bbc. From the trust fund account information supplied by plaintiff, I calculate his initial partial payment to be $19.85. He must submit this amount to the court and pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay all of his filing fee from his release account. The only amount plaintiff must pay at this time is the initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware that they should send plaintiff's initial partial payment to this court.

Because I have already screened plaintiff's claim against defendant Penaflor in the August 27, 2007 order and concluded that plaintiff could proceed on that claim, I will not need to screen plaintiff's claim upon receiving his initial partial payment. Once the court receives the initial partial payment, the complaint will be served.

ORDER

IT IS ORDERED that

1. Plaintiff Ralphfield Hudson's "Motion to Reopen" case no. 07-cv-335-bbc, dkt. #64, is DENIED.

3

    2. The clerk of court is directed to file copies of plaintiff's original complaint, his motion to reopen, motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and trust fund account statement in case no. 10-cv-478-bbc.

    3. Plaintiff is assessed $19.85 as an initial partial payment of the $350 fee for pursuing his claim against defendant Jamie Penaflor in case no. 10-cv-478-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $19.85 on or before September 15, 2010. If, by September 15, 2010, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

    Entered this 25th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge